MERRITT, Circuit Judge,
concurring.
To reach the same result as the court in this case, I would simply rely on 18 U.S.C. § 3583(e)(2) which authorizes the sentencing court to “modify, reduce, or enlarge *354 the conditions of supervised release, at anytime prior to the expiration or termination of the term.... ”
If the prisoner objects in this case to the conditions being followed by the probation officer in supervising his case, the best course would simply be to exercise the authority under this section to request the court to modify the contested conditions. In this appeal we do not know precisely what condition of his supervised release he is complaining of.
Here at the original sentencing, the district court delegated to Logins’ probation officer the authority to decide when and for how long Logins would participate in the counseling program. Logins did not object to his sentence and did not object to the terms of his supervised release. Under § 3583(e)(2) he should first exhaust the remedies that the statute gives him by making whatever particular objection he has to the condition imposed by the probation officer after the court’s delegation. At this point the case before us seems frivolous to me.